```
1   BRIAN P. CLARK
    Nevada Bar No. 4236
2   LUKAS B. MCCOURT
    Nevada Bar No. 11839
3   CLARK MCCOURT
    7371 Prairie Falcon Road, Suite 120
4   Las Vegas, Nevada 89128
    Telephone: (702) 474-0065
5   Facsimile: (702) 474-0068
    bpc@clarkmccourt.com
6   Attorneys for Plaintiff
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS LONG, individually;<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:24-cv01711-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES ONLY AS TO THE DEPOSITIONS OF DAWN BIRKLA AND DEFENDANT SMITH'S FRCP 30(b)(6) WITNESS(ES)**<br><br>**[SECOND REQUEST]** |

Plaintiff LOUIS LONG (hereinafter, "Plaintiff"), by and through his counsel of record, Brian P. Clark and Lukas B. McCourt of the law firm of Clark McCourt, and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter, "Defendant")(the parties hereinafter will be collectively referred to as "Parties"), by and through its counsel of record, Jerry S. Busby and Pooja Kumar of the law firm of Cooper Levinson, hereby submit this Stipulation and Order to Extend Discovery Deadlines [Second Request] Only As To The Depositions of Dawn Birkla and Defendant Smith's FRCP 30(b)(6) Witness(es).

Local Rule 26-3 states that stipulations to extend discovery must be supported by good cause for the extension. To establish good cause, the Court looks to the diligence of the party that seeks the extension. (*See Safeco Ins. Co. of Am. V. Air Vent, Inc.*, Case No. 2:20-cv-1579, 2021 U.S. Dist. LEXIS 95692, at *1 (D. Nev. May 19, 2021) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)). Good cause is present if the deadline at issue "cannot

reasonably be met despite the diligence of the party seeking the extension." (*Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608-9 (9th Cir. 1992). As such, the instant Stipulation follows.

Pursuant to the Stipulation and Order To Extend Discovery Deadlines [First Request], the discovery cut-off in this case is May 12, 2025. (ECF No. 19, January 10, 2025). The parties have conducted or will have finished conducting written discovery in this case by the discovery cut-off date. Plaintiff has noticed depositions of Dawn Birkla, an employee of Defendant Smith's, and Defendant Smith's FRCP 30(b)(6) Witness(es) for May 8, 2025 and May 9, 2025, respectively. However, the parties are unable to conduct the two (2) noticed depositions due to the counsels' trial schedules and calendar conflicts. As a result, the parties request additional time for discovery only to conduct the two (2) noticed depositions to accommodate the counsels' trial schedules and calendaring conflicts.

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their respective counsel of record, that discovery deadlines only as to the two (2) noticed depositions identified herein be extended thirty-two days (32) days to June 13, 2025, as set forth below, to allow the Parties to complete the depositions.

**I.     STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- The Parties participated in the FRCP 26(f) conference.
- The Parties served their FRCP 26(a)(1) initial disclosures and supplements thereto.
- Both Parties have propounded written discovery requests.
- Both Parties have responded to written discovery requests.
- The Parties have been collecting Plaintiff's relevant medical records.
- Defendant has requested additional medical authorizations from Plaintiff to obtain additional medical records.
- The Parties are presently meeting and conferring in good faith regarding served discovery responses.
- Defendant has conducted the deposition of Plaintiff.

- Plaintiff has noticed the depositions of two (2) witnesses – Dawn Birkla, a percipient employee witness, and Defendant's FRCP 30(b)(6) Wittness(es).
- The Parties are presently meeting and conferring in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of same.

II. **SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

- Plaintiff intends to conduct the depositions of Dawn Birkla, a percipient employee witness, and Defendant's FRCP 30(b)(6) Witness(es)

III. **REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER**

Since the commencement of discovery, the Parties have been working amicably together to gather relevant documents, issue necessary discovery, engage in expert discovery, and depose necessary parties and witnesses. Although the Parties had scheduled the depositions of Ms. Birkla and Defendant's FRCP 30(b)(6) Witness(es), the Parties have been unable to conduct the deposition dates of the witnesses due to the counsels' trial schedules and calendar conflicts. The Parties believe that the two (2) depositions will be concluded within the time requested in this Stipulation. This extension is sought in good faith and is not meant to unnecessarily delay proceedings in this matter.

IV. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued from their present deadlines, as follows:

1. **Discovery Cut-Off Date as to the two (2) depositions identified herein**: The Parties jointly propose that the discovery cut-off date for the two (2) depositions identified herein be extended thirty-two (32) days from its present deadline of May 12, 2025, to **June 13, 2025.** The Parties acknowledge that the discovery cut-off date for all other discovery will remain May 12, 2025.

2. **Amending the Pleading and Adding Parties:** The Parties acknowledge that the

deadline to amend the pleadings and add additional parties has passed.  As such, the Parties do not seek to extend this deadline.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:**  The Parties acknowledge that the deadline to disclose experts has passed.  As such, the Parties do not seek to extend this deadline.

4. **Dispositive Motions:**  The Parties jointly propose that the date for filing dispositive motions be extended twenty-three (23) days from its present June 10, 2025, to **July 3, 2025.**

5. **Pre-Trial Order:** The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for July 11, 2025, be extended for twenty-four (24) days to **August 4, 2025.**  In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be extended until thirty (30) days after decision on dispositive motions or until further Order of this Court.

6. **Fed. R. Civ. P. 26(a)(3) Disclosure:** The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7. **Alternative Dispute Resolution:** Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution, including mediation, arbitration, and/or early neutral evaluation. The Parties have not scheduled any such resolution forum at this point, but they have begun discussions and agree to reconsider following additional or completion of discovery.

8. **Alternative Forms of Case Disposition:** The Parties certify that they discussed consenting to a trial by a magistrate judge or engaging in the Short Trial Program under FRCP 73 and, at present, do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

/ / /

Case 2:24-cv-01711-GMN-MDC    Document 31    Filed 05/13/25    Page 5 of 5

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** As the Parties submit the instant Stipulation within twenty-one (21) days of the subject deadline, the Parties believe that the instant Stipulation is supported by a showing of good cause in compliance with LR 26-3.

**IT IS SO STIPULATED.**

DATED this 12th day of May, 2025.

CLARK MCCOURT

/s/ Lukas B. McCourt
Brian P. Clark
Nevada Bar No. 4236
Lukas B. McCourt
Nevada Bar No. 11839
7371 Prairie Falcon Road, Suite 120
Las Vegas, NV 89128
*Attorneys for Plaintiff*

DATED this 12th day of May, 2025

COOPER LEVINSON

/s/ Pooja Kumar, Esq.
Jerry S. Busby, Esq.
Nevada Bar No. 1107
Pooja Kumar, Esq.
Nevada Bar No. 12988
3016 West Charleston Boulevard #195
Las Vegas, Nevada 89102
*Attorneys for Defendant
Smith's Food & Drug Centers, Inc.*

**ORDER**

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

DATE: 5/13/2025