1  BRIAN P. CLARK
   Nevada Bar No. 4236
2  LUKAS B. MCCOURT
   Nevada Bar No. 11839
3  CLARK MCCOURT
   7371 Prairie Falcon Road, Suite 120
4  Las Vegas, Nevada 89128
   Telephone: (702) 474-0065
5  Facsimile: (702) 474-0068
   bpc@clarkmccourt.com
6  *Attorneys for Plaintiff*

7
                     **UNITED STATES DISTRICT COURT**
8
                          **DISTRICT OF NEVADA**
9
   LOUIS LONG, individually;                Case No.:  2:24-cv01711-MDC
10
                Plaintiff,
11
   v.
12                                           **STIPULATION AND ORDER TO
                                             EXTEND DISCOVERY DEADLINES
   SMITH'S FOOD & DRUG CENTERS, INC., a     ONLY AS TO THE DEPOSITIONS OF
13 Foreign Corporation; DOES I through X; and DAWN BIRKLA AND DEFENDANT
   ROE CORPORATIONS I through X,            SMITH'S FRCP 30(b)(6) WITNESS(ES)**
14 inclusive,
                                            **[THIRD REQUEST]**
15              Defendants.

16

17        Plaintiff LOUIS LONG (hereinafter, "Plaintiff"), by and through his counsel of record,

18 Brian P. Clark and Lukas B. McCourt of the law firm of Clark McCourt, and Defendant SMITH'S

19 FOOD & DRUG CENTERS, INC. (hereinafter, "Defendant")(the parties hereinafter will be

20 collectively referred to as "Parties"), by and through its counsel of record, Jerry S. Busy and Pooja

21 Kumar of the law firm of Cooper Levinson, hereby submit this Stipulation and Order to Extend

22 Discovery Deadlines [Third Request] Only As To The Depositions of Dawn Birkla and Defendant

23 Smith's FRCP 30(b)(6) Witness(es).

24        Local Rule 26-3 states that stipulations to extend discovery must be supported by good

25 cause for the extension.  To establish good cause, the Court looks to the diligence of the party that

26 seeks the extension.  (*See Safeco Ins. Co. of Am. V. Air Vent, Inc.,* Case No. 2:20-cv-1579, 2021

27 U.S. Dist. LEXIS 95692, at *1 (D. Nev. May 19, 2021) (*citing Coleman v. Quaker Oats Co.,* 232

28 F.3d 1271, 1294-95 (9th Cir. 2000)).  Good cause is present if the deadline at issue "cannot

reasonably be met despite the diligence of the party seeking the extension." (*Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608-9 (9th Cir. 1992). As such, the instant Stipulation follows.

The discovery cut-off in this case was May 12, 2025. Plaintiff initially noticed the depositions of Dawn Birkla, an employee of Defendant Smith's, and Defendant Smith's FRCP 30(b)(6) Witness(es) for May 8, 2025, and May 9, 2025, respectively. However, the parties were unable to conduct the two (2) noticed depositions due to the counsels' trial schedules and calendar conflicts and requested an extension of discovery cut-off date only as to the two (2) noticed depositions. On May 13, 2025, the Court entered the Stipulation and Order To Extend Discovery Deadlines Only As To The Depositions Of Dawn Birkla And Defendant Smiths FRCP 30(b)(6) Witness(es) and extended the discovery deadline as to those two (2) depositions to June 13, 2025. (ECF No. 31). On May 30, 2025, Plaintiff re-noticed the depositions of Dawn Birkla, an employee of Defendant Smith's, and Defendant Smith's FRCP 30(b)(6) Witness(es) for June 9, 2025, and June 4, 2025, respectively.

On May 30, 2025, this Court entered a Minute Order on the Parties' Stipulation Regarding Discovery Dispute. (ECF No. 32). In the Minute Order, the Court granted Plaintiff's proposal regarding Request for Production No. 12. (*Id.*). The Court ordered Defendant to produce the requested documents by June 30, 2025. (*Id.*). As a result, the noticed deposition dates are unattainable, and the parties hereby request additional time for discovery only to conduct the two (2) noticed depositions.

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their respective counsel of record, that the current discovery deadline of June 13, 2025, only as to the two (2) noticed depositions identified herein be extended forty-eight days (48) days **to July 31, 2025** (31 days after the deadline for Defendant to produce the documents), as set forth below, to allow the Parties to complete the depositions.

I.    STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED

To date, the Parties have completed the following discovery:

- The Parties participated in the FRCP 26(f) conference.

- The Parties served their FRCP 26(a)(1) initial disclosures and supplements thereto.

- Both Parties have propounded written discovery requests.

- Both Parties have responded to written discovery requests.

- The Parties have been collecting Plaintiff's relevant medical records.

- Defendant has requested additional medical authorizations from Plaintiff to obtain additional medical records.

- The Parties are presently meeting and conferring in good faith regarding served discovery responses.

- Defendant has conducted the deposition of Plaintiff.

- Plaintiff has noticed the depositions of two (2) witnesses – Dawn Birkla, a percipient employee witness, and Defendant's FRCP 30(b)(6) Witness(es).

## II.    SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

- Plaintiff intends to conduct the depositions of Dawn Birkla, a percipient employee witness, and Defendant's FRCP 30(b)(6) Witness(es)

## III.    REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Since the commencement of discovery, the Parties have been working amicably together to gather relevant documents, issue necessary discovery, engage in expert discovery, and depose necessary parties and witnesses.  The Court ordered Defendant to produce the documents requested in Plaintiff's Request for Production No. 12 on or before June 30, 2025. (ECF No. 23).  As a result, the existing deposition dates of June 4th and 9th are unattainable, and the parties request that the noticed depositions be conducted after Defendant has had the opportunity to produce the documents.  The Parties believe that the two (2) depositions will be concluded within the time requested in this Stipulation.  This extension is sought in good faith and is not meant to unnecessarily delay proceedings in this matter.

/ / /

**IV.    PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued from their present deadlines, as follows:

1.    **Discovery Cut-Off Date as to the two (2) depositions identified herein**: The Parties jointly propose that the discovery cut-off date for the two (2) depositions identified herein be extended forty-eight (48) days from its present deadline of June 13, 2025, to **July 31, 2025.**  The Parties acknowledge that the discovery cut-off date for all other discovery has passed.

2.    **Amending the Pleading and Adding Parties:**   The Parties acknowledge that the deadline to amend the pleadings and add additional parties has passed.  As such, the Parties do not seek to extend this deadline.

3.    **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:**  The Parties acknowledge that the deadline to disclose experts has passed.  As such, the Parties do not seek to extend this deadline.

4.    **Dispositive Motions:**  The Parties jointly propose that the date for filing dispositive motions be extended sixty (60) days from its present July 3, 2025, to **September 1, 2025.**

5.    **Pre-Trial Order:** The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for August 4, 2025, be extended for sixty (60) days to **October 3, 2025.**  In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be extended until thirty (30) days after decision on dispositive motions or until further Order of this Court.

6.    **Fed. R. Civ. P. 26(a)(3) Disclosure:** The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7.    **Alternative Dispute Resolution:** Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution, including mediation, arbitration, and/or early neutral evaluation. The Parties have not scheduled any such resolution forum at this point, but they have begun discussions and agree to reconsider following additional or completion of discovery.

8.    **Alternative Forms of Case Disposition:** The Parties certify that they discussed

consenting to a trial by a magistrate judge or engaging in the Short Trial Program under FRCP 73 and, at present, do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** As the Parties submit the instant Stipulation within twenty-one (21) days of the subject deadline, the Parties believe that the instant Stipulation is supported by a showing of good cause in compliance with LR 26-3.

**IT IS SO STIPULATED.**

DATED this 4th day of June, 2025.                    DATED this 4th day of June, 2025

CLARK MCCOURT                                        COOPER LEVINSON

   /s/ Lukas B. McCourt                                 /s/ Pooja Kumar, Esq. (w/ permission)
Brian P. Clark                                       Jerry S. Busby, Esq.
Nevada Bar No. 4236                                  Nevada Bar No. 1107
Lukas B. McCourt                                     Pooja Kumar, Esq.
Nevada Bar No. 11839                                 Nevada Bar No. 12988
7371 Prairie Falcon Road, Suite 120                 3016 West Charleston Boulevard #195
Las Vegas, NV 89128                                 Las Vegas, Nevada 89102
*Attorneys for Plaintiff*                            *Attorneys for Defendant*
                                                    *Smith's Food & Drug Centers, Inc.*

**ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATE:____6-20-25_____